**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

C/A 9:26-cv-00425-BHH-MHC

IN RE:

Jacqueline Ard and Terry F. Nicola

Debtors

---

Jacqueline Ard and Terry F. Nicola

vs.

The Spa on Port Royal Sound Horizontal Property Regime; William B. Mullis; Henry Sanders; Keith Baker and John and Jane Doe Board Members of The Spa on Port Royal Sound Horizontal Property Regime, in their individual and representative capacities IMC Resort Services, Inc.; Christine M. Phillips; John and Jane Doe Employees and Agents of IMC Resort Services, in their individual and representative capacities; Scott Wild,Esq., in his individual and professional capacity; Jannine Mutterer, Special Referee for Beaufort County, in her individual and Official capacity; Jerri Ann Roseneau, Beaufort County Clerk of Court, in her individual and official capacity, Lucas Fautua, Esq.,in his individual and professional capacity, Beaufort County, Beaufort County Treasurer's Office; and Beaufort County Assessor's Office; and any other persons or entities later identified as participants in the fraudulent scheme,

Defendants.

---

**Defendants The Spa on Port Royal Sound Horizontal Property Regime, Inc.'s, et al. Memorandum in Opposition to Plaintiffs' Motion to Withdraw Reference of Adversary Proceeding**

Defendants The Spa on Port Royal Sound Horizontal Property Regime, Inc., William B. Mullis, Henry Sanders, Keith Barker, (identified as Keith Baker) and John and Jane Doe Board Members of The Spa on Port Royal Sound Horizontal Property Regime, in their individual and representative capacities, IMC Resort Services, Inc., Christine M. Phillips, John and Jane Doe Employees and Agents of IMC Resort Services, in their individual and representative capacities (all referred to collectively herein as "Defendants" or "The Spa on Port Royal Defendants"), by and through the undersigned counsel, object to Plaintiffs Jacqueline Ard's and Terry F. Nicola's ("Plaintiffs") Motion to Withdraw Reference. [ECF No. 1 Filed 02/04/2026].

## Background

The Motion to Withdraw Reference arises out of Plaintiffs' Bankruptcy Case No. 25-01384-jd. ("Ard Bankr. Case"). Plaintiffs seek to withdraw the reference of Adv. Proc. No. 2:25-80061-jd (the "Adversary Proceeding") they commenced in the Ard Bankr. Case. In the Adversary Proceeding, the Bankruptcy Court has filed its own Motion to Dismiss and Rule to Show Cause as to the Plaintiffs. [BK ECF No. 37]. Contemporaneously, Plaintiffs have moved to amend their Amended Complaint, in which Plaintiffs reduced the number of causes of action and attempt to explain their legal positions, *infra*. [BK ECF No. 14]. The Court has scheduled a hearing for February 18, 2026, on the Motion to Dismiss and Rule to Show Cause and Motion to Amend the Amended Complaint. The Spa on Port Royal Defendants and other Defendants have filed objections to the Motion to Amend the Amended Complaint and their own Motions to Dismiss Adversary Proceeding. [See e.g., BK ECF No. 61]. The Spa on Port Royal

Defendants submit that the Motion to Withdraw Reference will be moot if the Bankruptcy Court dismisses the Adversary Proceeding.[1]

**Statutory Law**

28 U.S. Code § 157 states in part:

***a)*** *Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.*[2]

***(b) (1)*** *Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.*

***(2)*** *Core proceedings include, but are not limited to—*

***(A)*** *matters concerning the administration of the estate;*
***(B)*** *allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;*
***(C)*** *counterclaims by the estate against persons filing claims against the estate;*
***(D)*** *orders in respect to obtaining credit;*
***(E)*** *orders to turn over property of the estate;*
***(F)*** *proceedings to determine, avoid, or recover preferences;*
***(G)*** *motions to terminate, annul, or modify the automatic stay;*
***(H)*** *proceedings to determine, avoid, or recover fraudulent conveyances;*
***(I)*** *determinations as to the dischargeability of particular debts;*
***(J)*** *objections to discharges;*
***(K)*** *determinations of the validity, extent, or priority of liens;*
***(L)*** *confirmations of plans;*
***(M)*** *orders approving the use or lease of property, including the use of cash collateral;*
***(N)*** *orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;*

---

1 Proceedings in the Bankruptcy Court are not automatically stayed per Fed. R. Bankr. P Rule 5011(d).

2 Local Civ. Rule 83.IX.01 (D.S.C.) states the following: "Referral to Bankruptcy Judges. Pursuant to 28 U.S.C. § 157(a), the court hereby refers to the bankruptcy judges for this district all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11. See 28 U.S.C. § 157, Procedures."

***(O)*** *other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and*
***(P)*** *recognition of foreign proceedings and other matters under chapter 15 of title 11.*

….

***(5)*** *The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.*

***(c) (1)*** *A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.*

….

***(d)*** *The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.*

***(e)*** *If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.*

***

***Fed. R. Bankr. P Rule 5011. Motion to Withdraw a Case or Proceeding or to Abstain from Hearing a Proceeding; Staying a Proceeding.***

*(a) Withdrawing a Case or Proceeding. A motion to withdraw a case or proceeding under 28 U.S.C. §157(d) must be heard by a district judge.*

*(b) Abstaining from Hearing a Proceeding. Rule 9014 governs a motion asking the court to abstain from hearing a proceeding under 28 U.S.C. §1334(c). The motion must be served on all parties to the proceeding.*

*(c) Staying a Proceeding After a Motion to Withdraw or Abstain. A motion filed under (a) or (b) does not stay proceedings in a case or affect its administration. But a bankruptcy judge may, on proper terms and conditions, stay a proceeding until the motion is decided.*

*(d) Motion to Stay a Proceeding. A motion to stay a proceeding must ordinarily be submitted first to the bankruptcy judge. If it—or a motion for relief from a stay—is filed in the district court, the motion must state why it was not first presented to or obtained from the bankruptcy judge. The district judge may grant relief on proper terms and conditions.*

**Argument**

In their proposed Second Amended Complaint, [BK ECF No. 33, pgs. 9 – 24], Plaintiffs allege the following causes of action: **Count I -** Willful Violation of the Automatic Stay; **Count II –** Bankruptcy Abuse of Process; **Count III –** Claim Allowance/Disallowance; **Count IV –** Lien Validity and Extent**; Count V –** Accounting and Ledger Accuracy**; Count VI –** Fair Debt Collection Practices Act (15 U.S.C § 1692 et seq.)**; Count VII–** Fair Housing Act and Americans with Disabilities Act Violations**;** and **Count VIII–** Unlawful/Discriminatory Property Tax Enforcement.[3]

There is a legal principle that applies to each one of Plaintiffs' Counts that requires the dismissal of this Adversary Proceeding. The principle is standing, as raised by the Bankruptcy Court in its Order [4] and Defendants in their affirmative defenses [5]. The Chapter 7 Trustee, and not the Plaintiffs, has standing to prosecute the matters in the Ard Bankr. Case including to bring this Adversary Proceeding. *See Matter of Richman*, 104 F.3d 654, 657 (4th Cir. 1997). In chapter 7 cases, "the trustee becomes the estate's 'proper party in interest.'" *Matter of Richman*, 104 F.3d at 657 ("As a general matter, in a Chapter 7 proceeding, the trustee alone has standing to raise issues

---

3 The **Count VIII** cause of action is not pled against The Spa on Port Royal Defendants.

4 [BK Case 25-80061-jd Doc 37 Filed 01/14/26, pg. 6 of 6].

5 [BK Case 25-80061-jd Doc 20 Filed 12/09/25, pg. 11 of 15] – Fourth and Fifth Affirmative Defenses.

before the bankruptcy court and to prosecute appeals.”). The Plaintiffs’ lack of standing alone should preclude the withdrawal of the reference and obviate the need to address Plaintiffs’ other arguments raised in their Motion to Withdraw Reference. For example, the District Court does not need to consider the impact of Plaintiffs’ demand for a jury trial when Plaintiffs do not have standing to bring the Adversary Proceeding.[6]

Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title. 28 U.S. Code § 157(b)(1). 28 U.S. Code § 157(b)(2) states that Core proceedings include but are not limited to those listed in (b)(2), *supra*.

**Count I -** Willful Violation of the Automatic Stay

**Response**: First, The Spa on Port Royal Defendants submit that Count I is a core proceeding per § 157(b)(2)(A) (“matters concerning the administrative of the estate”). Second, for the District Court’s additional information, Plaintiffs contend that Defendants violated 11 U.S. Code § 362 (k). The premise of Section 362(k) is that there is an automatic bankruptcy stay. The Bankruptcy Court has found no less than three times in the Ard Bankr. Case that there is and was not an automatic stay. The Bankruptcy Court has previously ruled, “[t]he automatic stay imposed under 11 U.S.C. § 362(a) is confirmed to have not been effective upon the filing of this case and there is no stay in effect in this case….” [BK Case 25-01384-jd - ECF No. 57, pg. 12 of 12]. “To be clear, there is not a stay in place as to Debtors or their property and there has been no such stay during the pendency of this case.” [BK Case 25-01384-jd - ECF No. 174, pg. 6 of 7]. “The Amended Complaint alleges

---

6 Local Civ. Rule 83.IX.03 (D.S.C.) states the following: “Jury Trials by Bankruptcy Judges. The United States District Court for the District of South Carolina hereby specially designates the bankruptcy judges of this district to conduct jury trials pursuant to 28 U.S.C. § 157(e).”

violations of the automatic stay despite a clear record establishing that no stay is in place in this case." [BK Case 25-80061-jd - ECF No. 37, pg. 5 of 6].

**Count II** – Bankruptcy Abuse of Process

**Response**: Plaintiffs cite 11 U.S.C. § 105 as a basis for relief. Section 105 states the following in part: "*The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title...*". " 'Whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code." L. v. Siegel, 571 U.S. 415, 421 (2014) (quoting *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988)). First, The Spa on Port Royal Defendants submits that Count II is a core proceeding pursuant to § 157(b)(2)(A) ("matters concerning the administrative of the estate"). Second, Plaintiffs allege, "10. Defendants conduct sought to obtain bankruptcy-forbidden outcomes without seeking relief from the Bankruptcy Court." [BK Case 25-80061-jd - ECF No. 33, pg. 19 of 24]. The Count II cause of action is dependent on whether there is a violation of stay, which the Bankruptcy Court has determined already does not exist in the Ard Bankr. Case.

**Count III** – Claim Allowance/Disallowance

**Response**: The Spa on Port Royal Defendants submit that Count III is a core proceeding pursuant to § 157(b)(2)(B) ("allowance or disallowance of claims against the estate or exemptions from property of the estate…").

**Count IV** – Lien Validity and Extent

**Response**: The Spa on Port Royal Defendants submit that Count IV is a core proceeding pursuant to § 157(b)(2)(k) ("determinations of the validity, extent, or priority of liens"*).* For the District Court's additional information, the Bankruptcy Court previously sustained the Trustee's objections to Plaintiffs/Debtors' exemptions. [BK Case 25-01384-jd, ECF No. 213, Entered 12/08/25]. The

Trustee has also noticed the sale of real property including that which is subject to the Spa on Port Royal Defendants' judgment lien - 239 Beach City Road, Unit 3218, Hilton Head Island, SC. [BK Case 25-01384-jd Doc 234 Filed 01/14/26].

**Count V** – Accounting and Ledger Accuracy**.**

**Response**: Plaintiffs disagree with the accounting of the amount due set forth in The Spa on Port Royal Defendants' Proof of Claim filed in Plaintiffs' Bankruptcy Case. The Claim is No. 28-1, which was filed on June 20, 2025. [BK Case No. 25-01384-jd - ECF No. 132, 10 pgs.]. Plaintiffs previously objected to the Proof of Claim. [BK Case No. 25-01384-jd - ECF No. 132]. The Bankruptcy Court overruled Plaintiffs' Objection to Claim. [ECF No. 137, entered on 09/10/2025]. The Bankruptcy Court entered the following Order on the Objection to Proof of Claim.

> *This matter comes before the Court on Debtors' objection to the Proof of Claim filed by Port Royal Sound Horizontal Property Regime, Inc. ("Creditor") The pleading is liberally construed. It appears to seek two forms of relief. First, Debtors object to the claim of the Creditor. Second, Debtors appear to seek to avoid the Creditor's lien. The Debtors' pleading was filed prior to the conversion of this case to chapter 7. Now that this case has been converted, the chapter 7 trustee is the real party in interest to examine and object to proofs of claim pursuant to 11 USC 704(a)(5) and Debtors' objection does not indicate that any exception to this standard is applicable. Moreover, Debtors' objection is premised on this Court reviewing and overturning a state court order that forms the basis for the claim. Debtors allege that the state court order was obtained by fraud and procedural defects but Debtors must pursue these arguments on appeal through the state court. Rooker v. Fidelity Trust, 263 U.S. 413, 417 (1923) squarely prohibits this court from acting as a court of appeals for state court decisions. Further, Debtors allege that the Creditor's lien impairs their exemptions and should be avoided. When the pleading was filed, this type of relief should have been requested in a chapter 13 plan. It was not, Considering the relief now that Debtors are in a chapter 7 case, Debtors' prior testimony indicates that there is substantial equity in the property, beyond any lien. However, the Court need not engage in an analysis of the equity position because Debtors' exemptions have previously been denied and are thus not impaired. Accordingly, all relief requested in the pleading is denied.* ***AND IT IS SO ORDERED.*** *Signed by: Judge L. Jefferson Davis, IV, US Bankruptcy Court - District of South Carolina (related document(s)132). (Davis, L Jefferson) (Entered: 09/10/2025)*

[BK ECF No. 137, entered on 09/10/2025].

Plaintiffs now seek the same relief in this Adversary Proceeding that they did in their Objection to Claim. The Spa on Port Royal Defendants submit that Count V is a core proceeding pursuant to §

157(b)(2)(B) ("allowance or disallowance of claims against the estate or exemptions from property of the estate…").

**Count VI –** Fair Debt Collection Practices Act (15 U.S.C § 1692 et seq.) and **Count VII–** Fair Housing Act and Americans with Disabilities Act Violations

**Response:** Violations of the Fair Debt Collection Practices Act and Fair Housing Act and Americans with Disabilities Act are not alone core proceedings arising under Title 11. Such alleged causes of action arise out of other titles of the United States Code. This is not to say that the two causes of action may not be treated as Core. Plaintiffs' causes of action have been a part of Plaintiffs' objection to The Spa on Port Royal Defendants' Proof of Claim, *supra*, which these Defendants have litigated already in the Bankruptcy Court as part of the claims administration. The following are extracts from Plaintiffs' Objection to Proof of Claim that were heard and determined already by the Bankruptcy Court.

**D. Judgment was obtained through Fraud on the Court and Judicial Impropriety: Fraudulent Debt Collection Practices (FDCPA Violations)**

The Association has violated the Fair Debt Collection Practices Act (15 U.S.C. §§ 807–809) by:

1. Misrepresenting the character, amount, and legal status of the debt.
2. Threatening actions that cannot legally be taken.
3. Collecting fees not expressly authorized by the underlying agreement or law.
4. Failing to provide proper validation notices.

Because the judgment was obtained by committing Fraud on the Court the claim violates Federal laws and is unenforceable and must be disallowed under 11 U.S.C. § 502(b).

↑ [BK Case 25-01384-jd Doc 132 Filed 09/09/25, pg. 6 of 10]

> Creditor failed to apply the full credit to Debtors account and assessed an unauthorized animal fee of $400.00 to the Debtors account that following month (June of 2021). After disputing the charge, the Debtors continued to make timely monthly assessment payments but the Creditor refused to remove the charge and continued to assess Debtors account with additional unauthorized charges, late fees, fines, and attorney fees stemming from the unauthorized $400.00 animal fee that had been assessed although Debtors have a registered service animal under the Americans with Disabilities Act (ADA).

↑ [BK Case 25-01384-jd Doc 132 Filed 09/09/25, pg. 4 of 10]

Again, the Bankruptcy Court denied all relief requested in Plaintiffs' Objection to Claim. [BK Order, ECF No. 137, entered on 09/10/2025]. The Spa on Port Royal Defendants submit that Counts VI and VII are core proceedings in effect pursuant to § 157(b)(2)(B) ("allowance or disallowance of claims against the estate or exemptions from property of the estate…").

**<u>Summary</u>**

First, the Plaintiffs lack standing to bring the Adversary Proceeding and therefore the District Court should not deny the Motion to Withdraw the Reference and allow the Bankruptcy Court to proceed with the pending Motions to Dismiss filed in the Bankruptcy Court. Second, bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11….28 U.S. Code § 157(b)(1). The Spa on Port Royal Defendants submit that Count I – VII are core proceedings that the Bankruptcy Court is permitted to hear and determine (enter final judgment appealable to the District Court), and Plaintiffs have not demonstrated the prerequisite cause or another legal basis for not allowing the Bankruptcy Court to do so.

## Conclusion

WHEREFORE, The Spa on Port Royal Defendants pray that the District Court grant the following relief: 1) Deny the Plaintiffs' Motion to Withdraw Reference; and 2) Grant such other relief in favor of The Spa on Port Royal Defendants as the Court may deem just and appropriate.

Respectfully submitted,

*s/John L. McCants*
John L. McCants, SC Bar No. 10423
Fed. I.D. 4870
**BAKER, RAVENEL & BENDER, LLP**
3710 Landmark Drive, Suite 109
Post Office Box 8057
Columbia, South Carolina 29202
Tele: (803) 343-3866
Email: jmccants@brblegal.com
*Attorneys for the Defendants The Spa on Port Royal Sound Horizontal Property Regime, Inc., William B. Mullis, Henry Sanders, Keith Barker, (identified as Keith Baker) and John and Jane Doe Board Members of The Spa on Port Royal Sound Horizontal Property Regime, in their individual and representative capacities, IMC Resort Services, Inc., Christine M. Phillips, John and Jane Doe Employees and Agents of IMC Resort Services, in their individual and representative capacities.*

February 17, 2026

## PROOF OF SERVICE

The undersigned hereby certifies that he served on this 17th day of February 2026, the following document, by ECF, e-mail and/or US Mail addressed to the following parties of record at the following addresses:

**Defendants The Spa on Port Royal Sound Horizontal Property Regime, Inc.'s, et al. Memorandum in Opposition to Plaintiffs' Motion to Withdraw Reference [ECF No. 1].**

Jacqueline Elizabeth Ard, Plaintiff
2121 Dartmouth Dr
Southfield, MI 48076-5634
Vis U.S. Mail and via e-mail: jacquelineard72@gmail.com

Terry Frank Nicola, Plaintiff
2121 Darthmouth
Southfield, MI 48076
Via U.S. Mail and via e-mail: jacquelineard72@gmail.com

J. Ronald Jones, Jr.
Smith Debnam Narron Drake Saintsing & My
171 Church Street
Suite 120c
Charleston, SC 29401
Attorney for Lucas S Fautua
*Via ECF*

David W. Overstreet
Earhart Overstreet LLC
PO Box 22528
Charleston, SC 29413
Attorney for Jannine Mutterer, Esq.
*Via ECF*

Christy Scott
Law Office of Christy Scott
PO box 1515
Walterboro, SC 29488
843-782-4539
Attorney for Beaufort County, Beaufort County Assessor's Office
Beaufort County Treasurer's Office, Jerri Ann Roseneau
and Robert J. Bonds, Jr., Esq.
*Via ECF*

Scott M Wild
Law Office of Scott M. Wild, LLC
P.O. Box 6867
Hilton Head Island, SC 29938
843-785-9453
Attorney for Scott M. Wild, Esq.
*Via ECF*

Kevin Campbell, Trustee
PO Box 684
Mount Pleasant, SC 29465
*Via ECF*

*s/John L. McCants*
John L. McCants, SC Bar No. 10423
Fed. I.D. 4870
**BAKER, RAVENEL & BENDER, LLP**
3710 Landmark Drive, Suite 109
Post Office Box 8057
Columbia, South Carolina 29202
Tele: (803) 343-3866
Email: jmccants@brblegal.com
*Attorneys for the Defendants The Spa on Port Royal Sound Horizontal Property Regime, Inc., William B. Mullis, Henry Sanders, Keith Barker, (identified as Keith Baker) and John and Jane Doe Board Members of The Spa on Port Royal Sound Horizontal Property Regime, in their individual and representative capacities, IMC Resort Services, Inc., Christine M. Phillips, John and Jane Doe Employees and Agents of IMC Resort Services, in their individual and representative capacities.*