**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**9:26-cv-00425-BHH-MHC**

| |
|---|
| **IN RE:**<br><br>**JACQUELINE ELIZABETH ARD and TERRY FRANK NICOLA**<br><br>**Debtors.** |
| **JACQUELINE E. ARD and TERRY F. NICOLA**<br><br>**Plaintiffs**<br><br>**v.**<br><br>**THE SPA ON PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, et al.,**<br><br>**Defendants.** |

**DEFENDANT WILD'S OPPOSITION TO PLAINTIFFS' MOTION TO WITHDRAW REFERENCE**

NOW COMES licensed attorney Scott M. Wild ("Defendant Wild"), a named defendant in an adversary proceeding[1] initiated in the United States Bankruptcy Court for the District of South Carolina by the debtors, Jacqueline Elizabeth Ard and Terry Frank Nicola, as plaintiffs

[1] Plaintiffs' underlying bankruptcy is Case No. 25-01384-JD (the "2025 Bankruptcy"), Their adversary proceeding for which they seek to withdraw the reference, was initiated against Defendant Wild and others in Adv. Pro. No. 25-80061-JD (the "Adversary Proceeding"). Because of the three actions, references to docket numbers will appear as: BC No. for the 2025 Bankruptcy, AP No. for the Adversary Proceeding, and ECF No. for this action.

("Plaintiffs"). In this action, Defendant Wild submits his opposition to Plaintiffs' Amended Motion To Withdraw Reference ("Plaintiffs' Motion"). ECF No.1.

Plaintiffs' Motion seeks the withdrawal of the reference to the United States Bankruptcy Court of the Adversary Proceeding, in which defense dispositive motions have long been ripe for consideration, but delayed by prior motions by Plaintiffs. This Court should deny Plaintiffs' Motion because: 1) Plaintiffs' Motion is not timely due to the significant filings before the Bankruptcy Court, many of which await ruling, and could end this action; 2) the founding pillar of the Adversary Proceeding is an alleged violation of the automatic stay, a core matter under Title 11; 3) the matters of which Plaintiffs have complained have been asserted multiple times, amended, briefed, and challenged in multiple defense motions, such that judicial economy and efficiency are preserved if the Bankruptcy Court remains the forum for the Adversary Proceeding; 4) Plaintiffs' Motion represents their attempt to dodge or at least delay, the Bankruptcy Court's decisions regarding their third attempt at pleading a legitimate claim (factually or within the bounds of a legitimate legal claim); and 5) with dispositive motions from defendants pending in the Adversary Proceeding, and with Plaintiffs' prior appeals to this Court, this Court may well be faced with addressing the Adversary Proceeding in an appellate capacity should Defendant Wild prevail in challenging the claims against him such that no trial need be conducted.

## THE BANKRUPTCY COURT IS THE PROPER FORUM – VIOLATION OF THE AUTOMATIC STAY IS A CORE ISSUE

The reference should not be withdrawn because the Bankruptcy Court is faced with a core issue arising under Title 11 – a claimed violation of the automatic stay. Under 28 U.S.C. §157:

**(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.**

**(2) Core proceedings include, but are not limited to—**

**(C) counterclaims by the estate against persons filing claims against the estate.**

In addition, the determination of a "core proceeding" is appropriately decided by the bankruptcy judge. Under subsection (3) of 28 U.S.C. 157:

**(3) The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11.**

Furthermore, under subsection (5)(c)(1) of 28 U.S.C. 157:

**A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court [for the entry of a final order after consideration].**

Section 158 of the Bankruptcy Code, Appeals, provides Plaintiffs with a right to have the District Court review the result of any "final judgments, orders, and decrees." Plaintiffs have sought to exercise this right several times in this case, and would no doubt seek to do so were the defense motions granted.

## PLAINTIFFS' CLAIMS AGAINST DEFENDANT WILD ARE LIKELY TO BE DISMISSED

In the 2025 Bankruptcy Adversary Proceeding, Plaintiffs' claims against Defendant Wild are grounded in an allegation that he violated the automatic stay. They have asserted "COUNT I – WILLFUL VIOLATION OF THE AUTOMATIC STAY" and "COUNT II – BANKRUPTCY

ABUSE OF PROCESS." AP No. 33, pp. 10, 11. It is expected that Plaintiffs will be unable to avoid the dismissal of their case against Defendant Wild, because they cannot establish the existence of a stay when the alleged acts took place – in essence, Defendant Wild is alleged to have sought to enforce a security interest for a creditor in violation of the stay. Hence, critical to Plaintiffs' claim is a stay in effect at the time of the alleged acts. AP No. 62.

Plaintiffs have filed three bankruptcy petitions, and the stay violations which they assert occurred when there was no stay. As more particularly set out Defendant Wild's Opposition to Plaintiffs' Motion for Leave to Amend (AP No. 62 pp. 3-4), Plaintiffs' first bankruptcy ("1st B") was filed in this district October 4, 2024 (24-03611-jd). The 1st B was "Dismissed for Failure to File Information" by Order Confirming Dismissal November 21, 2024. 1st B ECF No. 46. Debtors sought to reopen the case and in a 17-page order, the Bankruptcy Court entered its Order Denying Amended Motion to Reopen Dismissed Case. 1st B ECF No. 74.

Plaintiff's second bankruptcy ("2nd B") petition was filed January 31, 2025, in the Eastern District of Michigan (25-40952-mlo). That bankruptcy also was "Dismissed for Failure to File Information." The Court's Notice of Dismissal reflects that "[o]n 3/3/25, an order dismissing the second bankruptcy was entered because the debtors failed to file certain papers. 2nd B ECF No. 64.

Plaintiffs' third bankruptcy, the instant case, was filed April 10, 2025 (25-01384-jd). AP No. 1.

Section §362(c) addresses the effect of subsequent filings on the imposition of a stay:

> "(4)(A)(i) [I]f a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed…..the stay under subsection (a) shall <u>not</u> go into effect upon the filing of the later case…" [Emphasis added.]

Because of the multiple bankruptcy filings by Plaintiffs, when their third bankruptcy petition was filed, the debtors were not afforded the protection of the automatic stay by the clear language of §362(c)(4)(A)(i). Hence, their claimed stay violations—the foundation of their causes of action against Defendant Wild—fail.

In the event that the Bankruptcy Court determines that there was no stay in existence when the alleged acts of Defendant Wild were taken, he will be dismissed from the adversary proceeding, pursuant to the Bankruptcy Code. There would be no action for which withdrawal of the reference would need to be considered.

## JUDICIAL ECONOMY AND EFFICIENCY

In addition to the core bankruptcy issue at the heart of the claim against Defendant Wild, Plaintiffs have inundated the Bankruptcy Court with their various filings, including a pending motion to file their Second Amended Complaint. A.P. No. 33. This motion has been briefed by Plaintiffs, and responded to by defendants, including Defendant Wild, and judicial economy and efficiency would be hindered by taking this pending motion from the Bankruptcy Court, which is familiar with the parties and issues in this case. See, In re HA 2003, Inc., 2004 WL 609799 (N.D. Ill. March 24, 2004).

## CONCLUSION

Judicial economy and efficiency are best served by allowing the Bankruptcy Court to determine the pending dispositive motions related to the Adversary Proceeding and the underlying facts in Plaintiffs' various amendments all are dependent on their being a stay violation – a core issue arising under the Bankruptcy Code. Accordingly, Plaintiffs' Motion to Withdraw the Reference should be denied.

Respectfully submitted, this 18th day of February 2026.

*s/Scott M. Wild*
Scott M. Wild (Dist. Ct. ID 10229)
Law Office of Scott M. Wild, LLC
37 New Orleans Road, Ste. F (29928)
Post Office Box 6867
Hilton Head Island, SC 29938
Telephone: (843) 785-9453
*Pro Se Defendant*

Hilton Head Island, South Carolina

## CERTIFICATE OF SERVICE

I, Scott M. Wild, do hereby certify that I served on the persons below a copy of Defendant Wild's Opposition to Dismiss Plaintiff's Motion to Withdraw Reference in the above-referenced adversary proceeding either by CM/ECF electronic mail or by depositing same in the United States Mail with sufficient postage affixed and addressed as follows:

Jacqueline Elizabeth Ard
21215 Dartmouth Dr.
Southfield, MI 48076
*Plaintiff*
*(U.S. Mail deposited after hours and via e-mail)*

Terry Frank Nicola
21215 Dartmouth Dr.
Southfield, MI 48076
*Plaintiff*
*(U.S. Mail deposited after hours and via e-mail)*

Kevin Campbell
Via CM/ECF
*Chapter 7 Trustee*

US Trustee's Office
Via CM/ECF
*U.S. Trustee*

/s/ Scott Wild
Scott M. Wild, ID: 10229
Law Office of Scott M. Wild, LLC
37 New Orleans Road, Ste. F (29928)
Post Office Box 6867
Hilton Head Island, SC 29938
*Pro Se Defendant*

Hilton Head Island South Carolina
February 18, 2026