UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jacqueline Elizabeth Ard, Terry Frank Nicola,<br><br>Plaintiffs,<br><br>v.<br><br>The Spa on Port Royal Sound Horizontal Property Regime; William B. Mullis; Henry Sanders; Keith Baker; Jane and John Doe, *Board Members of IMC Resort Services, Inc.*; Christine M. Phillips; John and Jane Doe, *Employees and Agents of Scott M. Wild*; Jannine Mutterer; Jerri Ann Roseneau; Lucas S. Fautua; Beaufort County; Beaufort County Treasurer's Office; Beaufort County Assessor's Office; Robert J. Bonds; Scott Matthew Wild; IMC Resort Services, Inc.;<br><br>Defendants. | C/A No. 9:26-cv-00425-BHH-MHC<br><br>**REPORT AND RECOMMENDATION** |

On February 4, 2026, Plaintiffs Jacqueline Elizabeth Ard (Ard) and Terry Frank Nicola (Nicola) filed a Motion to Withdraw Reference (the Motion) as to an adversary proceeding (AP) they filed in the United States Bankruptcy Court for the District of South Carolina (Bankruptcy Court). ECF No. 1.[1] The case number for the Bankruptcy Court action is 25-01384-JD (Bankr. 25-1384) and the case number for the AP is 2:25-80061-JD (AP 25-80061). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving pro se litigants are referred to a United States Magistrate Judge for consideration.

[1] In this Report and Recommendation, entries on the docket for this case (26-425) are referred to as "ECF No. __" and entries on the docket for the Adversary Proceeding (AP 25-80061) are referred to as "AP Doc. No. __."

On February 17, 2026, Defendants The Spa on Port Royal Sound Horizontal Property Regime, Inc.; William B. Mullis; Henry Sanders; Keith Barker (identified as Keith Baker); John and Jane Doe, Board Members of The Spa on Port Royal Sound Horizontal Property Regime; IMC Resort Services, Inc.; Christine M. Phillips; and John and Jane Doe, Employees and Agents of IMC Resort Services (collectively the Spa Defendants) filed a memorandum in opposition to Plaintiffs' Motion. ECF No. 3. On February 18, 2026, Defendant Lucas S. Fautua (Fautua) filed a memorandum in opposition to the Motion. ECF No. 4. Defendants Beaufort County, Beaufort County Assessor, Beaufort County Treasurer, Beaufort County Clerk of Court Roseneau, and Judge Bonds (collectively the Beaufort County Defendants) filed a memorandum in opposition to the Motion on February 18, 2026. ECF No. 5. Defendant Scott M. Wild (Wild) filed a memorandum in opposition to the Motion on February 18, 2026. ECF No. 6.

## I. <u>BACKGROUND</u>

On October 4, 2024, Plaintiffs filed their first Chapter 13 voluntary petition in the Bankruptcy Court for South Carolina. On November 21, 2024, the Bankruptcy Court entered an order confirming dismissal pursuant to 11 U.S.C. § 521(i)(2) based on the failure of Plaintiffs to file all required information. Plaintiffs filed an appeal of the Bankruptcy Court order on May 14, 2025, it was recommended that the appeal be dismissed for Plaintiffs' violation of the rules of bankruptcy procedure, and the appeal was dismissed on November 5, 2025. *See In re Ard*, No. 9:25-cv-04019-BHH-MHC (D.S.C.).

On January 31, 2025, Plaintiffs filed a second Chapter 13 voluntary petition in the Bankruptcy Court for the Eastern District of Michigan. On March 3, 2025, the petition was dismissed because Plaintiffs failed to file the required paperwork. *See In re Ard*, No. 25-40952-MLO (Bankr. E.D. Mich).

On April 10, 2025, Plaintiffs filed their third Chapter 13[2] voluntary petition (Bankr. 25-1384) in the Bankruptcy Court of South Carolina. On May 23, 2025, Plaintiffs filed their first appeal of Bankr. 25-1384 in this Court (case number 9:25-cv-04500-BHH), which is pending.[3] In that appeal, Plaintiffs challenge the Bankruptcy Court's order denying their motion to impose the automatic stay. *See Ard v. Kelchner*, No. 9:25-cv-04500-BHH (D.S.C.).

On September 15, 2025, Plaintiffs filed a second appeal (case number 9:25-cv-12567-BHH-MHC) of Bankr. 25-1384. On April 16, 2026, an order directing Plaintiffs to serve and file their briefs was entered, but Plaintiffs have not complied with the order. *See Ard v. Kelchner*, No. 9:25-cv-12567-BHH-MHC (D.S.C.). A third appeal (case number 9:26-cv-00994-BHH) of Bankr. 25-1384 was filed by Plaintiffs on March 9, 2026. The undersigned recommended that the appeal be dismissed for Plaintiffs' violation of the rules of bankruptcy procedure, and the district judge dismissed the appeal on May 28, 2026. *See In re Ard*, No. 9:26-CV-00994-BHH-MHC, 2026 WL 1499134 (D.S.C. Apr. 22, 2026), *report and recommendation adopted sub nom. Ard v. Campbell*, No. 9:26-CV-994-BHH, 2026 WL 1498266 (D.S.C. May 28, 2026).

On November 7, 2025, Plaintiffs filed the AP Complaint. AP Doc. 1. The AP Amended Complaint was filed by Plaintiffs on November 14, 2025. AP Doc. 14.

In their AP Amended Complaint, Plaintiffs specifically stated that the Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. §§ 157(a), 157(b), and 1334(b), and 11 U.S.C. §§ 105(a), 362(k), 541, 542, 549, 550, and 551. AP Doc. 14 at 3. They listed their causes of action as: (Count I) willful violation of the automatic stay under 11 U.S.C. §§ 362(a)(1), (3), (6), and (k); (Count II) bankruptcy fraud under 18 U.S.C. §§ 152-157, 11 U.S.C. § 105; (Count III) fraud on the court

---

[2] The petition was converted to a Chapter 7 petition on September 9, 2025.

[3] In a report and recommendation entered on March 27, 2026, it was recommended that the appeal be dismissed.

under Fed. R. Civ. P. 60(b)(3) and Fed. R. Bankr. P. 9024; (Count IV) Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. and South Carolina Consumer Protection Code Violations; (Count V) Fair Housing Act (FHA) and Americans with Disabilities Act (ADA) violations under 42 U.S.C. § 3601, 3617, and 12101 *et seq*.; (Count VI) civil conspiracy pursuant to South Carolina common law, 42 U.S.C. § 1985(d), and 18 U.S.C. § 1962(d); (Count VII) breach of contract and covenant of good faith and fair dealing; (Count VIII) deprivation of due process and equal protection in violation of 42 U.S.C. § 1983; (Count IX) unlawful and discriminatory property tax assessments in violation of Bankruptcy Code §§ 362, 505, and 525 and 42 U.S.C. § 1983; (Count X) professional and judicial misconduct; and (Count X1) Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c). *Id.* at 8-15.

After Defendants filed answers or motions to dismiss the AP (AP Docs. 20, 21, 24, 26, 27, 28, 29, 30), Plaintiffs filed a motion for leave to file an AP second amended complaint[4] (AP Doc. 33) and a motion to withdraw the reference (AP Doc. 34) on January 5, 2026.[5] Plaintiffs filed a motion for withdrawal of reference in the Bankruptcy Court on January 5, 2026. AP Doc. 34. The Bankruptcy Court issued a notice of hearing and rule to show cause why the AP should not be

---

[4] In their proposed second amended complaint, Plaintiffs list their proposed claims as (Count I) Willful Violation of the Automatic Stay; (Count II) Bankruptcy Abuse of Process; (Count III) Claim Allowance/Disallowance; (Count IV) Lien Validity and Extent; (Count V) Accounting and Ledger Accuracy; (Count VI) FDCPA; (Count VII) Fair Housing Act/ADA; and (Count VIII) Unlawful/Discriminatory Property Tax Enforcement. AP Doc. 33 at 17-23.

[5] Plaintiffs filed a "Notice of Operative Pleading" in which they state that they deem their Second Amended Adversary Complaint as the Operative Complaint pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure. AP Doc. 42. However, this Rule provides that "Fed. R. Civ. P. 15 applies in an adversary proceeding." Although Rule 15 provides that a party may amend its pleading once as a matter of course, Plaintiffs already did so in filing their AP Amended Complaint. Their attempt to amend a second time is allowable "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1), (2). On April 21, 2026, the Bankruptcy Court denied Plaintiffs' motion for leave to amend because Plaintiffs did not obtain consent of the opposing parties and amendment would be futile. *See* AP Doc. 101 at 26-29.

dismissed and for failure to comply with Rule 9011[6] on January 14, 2026. AP Doc. 37. Plaintiffs filed an amended motion for withdrawal of reference in the Bankruptcy Court on January 15, 2026. AP Doc. 41. The Motion to Withdraw Reference with Designation of Record[7] (this is the amended motion to withdraw reference that was filed with the Bankruptcy Court) was filed with this Court (case number 9:26-cv-00425-BHH-MHC) on February 4, 2026. ECF No. 1.

On April 21, 2026, the Bankruptcy Court dismissed AP 25-80061.[8] AP Doc. 101. The Bankruptcy Court noted that, prior to seeking bankruptcy relief, Plaintiffs acquired real property in South Carolina, Michigan, and Pennsylvania. Four properties in South Carolina were noted to

[6] Under Fed. R. Bankr P. 9011, the Bankruptcy Court entered the order describing specific conduct that appeared to violate the Rule and directing Plaintiffs to show cause why they had not violated the Rule. Specifically, the Bankruptcy Court informed Plaintiffs that the Amended AP Complaint "alleged violations of the automatic stay despite a clear record establishing that no stay is in place" and that Plaintiffs alleged at least one cause of action (an alleged cause of bankruptcy fraud under criminal statute 18 U.S.C.§ 152) for which no private right of action exists. AP Doc. 37 at 5-6.

[7] It is unclear if Plaintiffs paid the filing fee for their Motion to Withdraw. Plaintiffs do not state that they paid the fee, and there appears to be no indication on the Bankr. 25-01384 or AP Bankr. 25-80061 dockets that the fee was paid. The Transmittal of Record does not mention a fee. ECF No. 1-2. The Bankruptcy Court's Schedule of Fees lists a $199.00 fee for motions to withdraw a reference. *See* United States Bankruptcy Court District of South Carolina Schedule of Court Fees., https://www.scb.uscourts.gov/court-fees (last visited July 30, 2026). This Court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05–4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

[8] The Bankruptcy Court retains jurisdiction while the Motion to Withdraw the Reference is pending in the district court. *See* Fed. R. Bankr. P. 5011(c) ("A motion filed [to withdraw a case or proceeding under 28 U.S.C. § 157(d)"] does not stay proceedings in a case or affect its administration."); LBR Rule 5011-1 (Following transmittal of the motion to withdraw to the district court, "documents pertaining to the matter under review by the United States District Court shall be filed with the United States District Court, but all documents relating to other matters in the bankruptcy case, adversary proceeding, or contested matter shall continue to be filed with this [Bankruptcy] Court."); *In re Ward*, No. CV 4:25-7366-JD-TER, 2025 WL 2480902, at *1 (D.S.C. Aug. 4, 2025) ("The bankruptcy court retains[] jurisdiction while the Motion to Withdraw the Reference is pending in the district court") (footnote omitted), *report and recommendation adopted*, No. 4:25-CV-07366-JD-TER, 2026 WL 115873 (D.S.C. Jan. 15, 2026).

be in foreclosure, including an action brought by Defendant The Spa on Port Royal Sound Property Regime (Spa). The Bankruptcy Court noted that Spa initiated foreclosure proceedings against Plaintiff Ard concerning a condominium at 239 Beach City Rd., Apt. 3218, Hilton Head Island, South Carolina (the Foreclosure Action). After Plaintiff Ard failed to file an answer or responsive pleading in the Foreclosure Action, Defendant Clerk of Court Jerri Ann Roseneau made an entry of default. Defendant Circuit Court Judge Robert J. Bonds issued an order referring the matter to Defendant Special Referee for Beaufort County Jannine Mutterer who issued a Special Referee's Decree of Judgment and Foreclosure and a notice that the Property would be sold on October 7, 2024. It was further noted that Plaintiffs' AP Amended Complaint acknowledged that the Foreclosure Judgment was entered before Plaintiffs filed any of the three bankruptcy cases. AP Doc. 101 at 3-4. The AP case was closed on May 7, 2026. AP Doc. 106.

In the order dismissing AP 25-80061, the Bankruptcy Court found it lacked subject matter jurisdiction over Plaintiffs' claims Counts I-VIII, X, and XI because the core of the AP Amended Complaint was Plaintiffs' belief that the Foreclosure Judgment was incorrectly decided and that, except for the United States Supreme Court, federal courts do not have jurisdiction to hear appeals from state court actions.[9] AP Doc. 101 at 15-24. Although the Bankruptcy Court found that it had jurisdiction over Count IX (alleged Unlawful and Discriminatory Property Tax Assessments) in the Amended AP Complaint, this Count was dismissed under Fed. R. Civ. P. 12(b)(6) because no automatic stay arose in the AP and Plaintiffs are not eligible to seek damages from Defendants under 11 U.S.C. § 362(k)(1) because their claim is for alleged conduct that occurred after the bankruptcy case was filed. The Bankruptcy Court also noted that Bankruptcy Code § 525 only

[9] The Bankruptcy Court also noted that even if there was jurisdiction, any viable claim would be property of the bankruptcy estate and it would be within the exclusive authority of the Chapter 7 Trustee to bring such a claim as the proper party in interest such that the Counts would be subject to dismissal under Fed. R. Civ P. 17(a) unless the Chapter 7 Trustee joined the action.

applies to "governmental units" such that the cause of action is deficient as to all but the County Defendants; County Defendants Mutterer, Roseneau, and Bonds were entitled to immunity; and the claim fails as a matter of law because § 525 does not apply to the calculation of property tax and Plaintiffs' request that the Bankruptcy Court calculate or determine state tax liability under 11 U.S.C. § 505 is facially defective because such request must be made by motion only after the governmental unit fields a claim or the time period for doing so has expired and none of these requirements have been met. AP Doc. 11 at 4-26.

## II. ARGUMENTS ASSERTED IN PLAINTIFFS' MOTION TO WITHDRAW AND DEFENDANTS' MEMORANDUM IN OPPOSITION

In their Motion to Withdraw, Plaintiffs contend that withdrawal is warranted because in their AP Second Amended Complaint[10] (1) they expressly withheld consent under Fed. R. Bankr. P. 7008(a) and 28 U.S.C. § 157(c)(2);[11] (2) they demanded a jury trial that may be conducted only by an Article III court (3) the adversary proceeding presents constitutional issues under *Stern v. Marshall*[12] and its progeny; (4) Defendants have raised jurisdictional, Article III, and jury-trial objections making final adjudication by the Bankruptcy Court improper; and (5) withdrawal promotes judicial economy, avoids duplication, and prevents prejudice. ECF No. 1 at 1-5.

Defendants Fautua, the Beaufort County Defendants, and Wild filed memoranda in opposition that assert substantially similar arguments. As stated in Defendant Fautua's

---

[10] At noted above, there is no indication that Plaintiffs' motion to amend their Adversary Complaint a second time was granted. Thus, it appears that the operative complaint is their AP First Amended Complaint, not Plaintiffs' proposed AP second amended complaint.

[11] Although Plaintiffs contend they did not consent to the Bankruptcy Court's jurisdiction, it appears they consented because they not only filed this third bankruptcy case, but they were they were the ones (not the Trustee and not a creditor) that filed the adversary proceeding in the Bankruptcy Court alleging many of the same claims (such as claims under the FDCPA, the FHA, and the ADA) that they now claim require withdrawal of reference.

[12] 564 U.S. 462, 484 (2011).

memorandum and echoed in those filed by the Beaufort County Defendants and Defendant Wild: these Defendants contend that:

> "1) Plaintiffs' Motion is not timely due to the significant filings before the Bankruptcy Court, many of which await ruling, and could end this action; 2) the founding pillar of the Adversary Proceeding is an alleged violation of the automatic stay, a core matter under Title 11; 3) the matters of which Plaintiffs have complained have been asserted multiple times, amended, briefed, and challenged in multiple defense motions, such that judicial economy and efficiency are preserved if the Bankruptcy Court remains the forum for the Adversary Proceeding; 4) Plaintiffs' Motion represents their attempt to dodge or at least delay, the Bankruptcy Court's decisions regarding their third attempt at pleading a legitimate claim (factually or within the bounds of a legitimate legal claim[; and] with dispositive motions from defendants pending in the Adversary proceedings, and with Plaintiffs' prior appeals to this Court, this Court may well be faced with addressing the Adversary Proceeding in an appellate capacity should [Defendants] prevail in challenging the claims against [them] prior to trial such that no trial need to be conducted.

ECF No. 4 at 2; *see also* ECF No. 5 at 3; ECF No. 6 at 2. These Defendants argue that the Bankruptcy Court is the proper forum because the automatic stay is the core issue; the claims against these Defendants are likely to be dismissed because Plaintiffs were not afforded the protection of the automatic stay by the clear language of § 362(c)(4)A)(i) such that Plaintiffs' causes of action alleging violations of the automatic stay fail; and judicial economy and efficiency would be hindered if the case is removed from the Bankruptcy Court where there are pending motions which have already been briefed and the Bankruptcy Court is familiar with the parties and issues in the case. ECF No. 4 at 2-5; ECF No. 5 at 4-6; ECF No. 6 at 2-5.

The Spa Defendants contend that the Motion should be denied and Plaintiffs' other arguments need not be addressed because Plaintiffs lack standing to prosecute the matters in the Bankruptcy Case, including to bring the AP, and because the trustee became the estate's proper party in interest.[13] They appear to alternatively argue that the claims alleged by Plaintiffs are either

[13] The Spa Defendants cite *Matter of Richman*, 104 F.3d 654, 657 (4th Cir. 1997) to support their

core proceedings listed under § 157(b) or should be treated as core proceedings because, in effect, they are claims for the allowance or disallowance of claims against the estate or exemptions from property of the estate (§157(b)(2)(B)).

## III. APPLICABLE LAW

District courts have original jurisdiction over bankruptcy cases and related proceedings. 28 U.S.C. § 1334. However, a district court may decide that any or all bankruptcy cases and related proceedings should be referred to bankruptcy judges, and the District Court for the District of South Carolina has by local rule referred "to the bankruptcy judges for this district all cases under Title 11 [The Bankruptcy Code] and all proceedings arising under Title 11 or arising in or related to a case under Title 11." *See* Local Rule 83.IX.01 (D.S.C).; *see also* 28 U.S.C. § 157(a). Even so, this Court retains the authority to withdraw a reference to the Bankruptcy Court "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

Section 157(d), which governs a district court's withdrawal of a reference to the Bankruptcy Court, provides the following:

The district court may withdraw, in whole or in part, any case or proceeding

---

argument that lack of standing obviates the need to address Plaintiffs' arguments in their Motion to Withdraw Reference. In *Matter of Richman*, two Chapter 7 debtors claimed the bankruptcy court erred in finding that creditor First Woman's Bank held a valid lien over the proceeds of their brokerage account. The district court ruled that the debtors failed to intervene properly in the bankruptcy court adversary proceeding such that the debtors lacked standing to prosecute the appeal. The Fourth Circuit noted that in a Chapter 7 proceeding, the trustee alone has standing to raise issues before the bankruptcy court and prosecute appeals, although in certain instances courts relax the general rule and grant standing to certain other interested parties (although courts should be chary about granting such dispensations). However, the Fourth Circuit determined that whether the debtors might otherwise be found to possess party-in-interest standing, they did not have the right to participate in the appeal because they did not satisfy the requirements for intervention as of right and thus did not have standing to reconsider the bankruptcy court order. While it may be that Plaintiffs here do not have standing to bring the Adversary Proceeding to the extent that the claims belong to the Chapter 7 Trustee, there are insufficient facts presented to determine at this time whether if Plaintiffs lack standing to bring the Motion.

> referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C.A. § 157(d). The first sentence of the statute identifies permissive or discretionary withdrawal, and the second sentence identifies mandatory withdrawal of proceedings referred to the Bankruptcy Court. *See Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 482 (4th Cir. 2015); *In re First Nat'l Bancshares, Inc.*, No. 7:12-3441-TMC, 2014 WL 108372, at *2 (D.S.C. Jan. 10, 2014). The "burden of demonstrating both mandatory and discretionary withdrawal is on the movant." *Vieira v. AGM, II, LLC*, 366 B.R. 532, 535 (D.S.C. 2007) (internal citations and quotation marks omitted).

This Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## IV. <u>DISCUSSION</u>

It is recommended that the Motion to Withdraw Reference be denied for the reasons discussed below.

### A. <u>Mootness</u>

The Bankruptcy Court has dismissed the AP such it appears that the Motion to Withdraw Reference should be dismissed because it is moot. Other courts have found that when an adversary

proceeding is dismissed while the motion to withdraw was pending that the dismissal by the Bankruptcy Court mooted the motion to withdraw reference. *See In re Lear Corp.*, 418 B.R. 47, 48 (S.D.N.Y. 2009) (a bankruptcy court order dismissing an adversary proceeding moots a motion to withdraw reference pursuant to § 157(d)); *see also In re Leon*, No. 2:25-CV-09019-RGK, 2026 WL 297970 (C.D. Cal. Feb. 3, 2026) ((“[W]hen an adversary proceeding is dismissed, a motion to withdraw reference from that same adversary proceeding is mooted.”); *Charitable DAF Fund, L.P. v. Highland Capital Mgt., L.P.*, No. 3:22-CV-2802-B, 2023 WL 4768188, at *2 (N.D. Tex. July 26, 2023) (denying as moot motion to withdraw bankruptcy case finding that “the bankruptcy court’s order granting dismissal effectively resolves the adversary proceeding; nothing is left to withdraw” and that “a bankruptcy court’s order dismissing the adversary proceeding moots a pending motion to withdraw.”); *In re Garden Fresh Restaurants*, LLC, No. 21-CV-1440 JLS (KSC), 2022 WL 410942, at *1 (S.D. Cal. Feb. 10, 2022) (“A bankruptcy court order dismissing an adversary proceeding moots a motion to withdraw the reference as to that adversary proceeding pursuant to 28 U.S.C. § 157.”); *In re Byrnes*, No. 121CV00295KWRJHR, 2022 WL 17752369, at *1 (D.N.M. Dec. 19, 2022) (finding withdrawal of the reference as moot where bankruptcy judge had issued final judgment in the underlying adversary proceeding).

B. Mandatory Withdrawal of the Bankruptcy Adversary Proceeding

Even if the Motion is not moot, it is recommended that Plaintiffs’ Motion be denied because they have not met their burden to show that withdrawal is mandatory.[14] Under the mandatory

[14] Some of the Defendants argue that the Motion is not timely. Section 157(d) requires that motions to withdraw be timely, which has been considered as “promptly as possible in light of the developments in the bankruptcy proceeding.” *Vieira v. AGM, II*, LLC, 366 B.R. at 536 (internal citations and quotations omitted). “If the motion is not made in a timely manner, the parties’ rights under § 157(d) are deemed waived.” *In re Mahlmann*, 149 B.R. 866, 869 (N.D. Ill. 1993). Timeliness is gauged from the moment the moving party was first aware that non-bankruptcy laws must be dealt with in resolving the case. *Id.* “Courts have varied widely in the amount of delay a

withdrawal provision of § 157(d), this Court must withdraw the adversary proceeding if it is determined "that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." "There is no controlling precedent in the Fourth Circuit regarding the mandatory withdrawal provision of § 157(d), and courts elsewhere are not uniform in their construction of the phrase 'requires consideration' as set forth in the statute." *In re Dozier Fin., Inc.*, No. 4:18-CV-1888, 2019 WL 1075072, at *3 (D.S.C. Mar. 7, 2019).

The majority approach, developed in the Second Circuit and adopted by the Seventh Circuit, holds that mandatory withdrawal is "not available merely whenever non-Bankruptcy Code federal statutes will be considered in the Bankruptcy Court proceeding, but is reserved for cases where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990); *see also Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996) (adopting Second Circuit's interpretation). Numerous district courts in the Fourth Circuit have used this approach. *See, e.g., In re Health Diagnostic Lab'y, Inc.*, No. 3:17-CV-413, 2017 WL 3084626, at *2 (E.D. Va. July 19, 2017); *Mooring Cap. Fund, LLC v. Sullivan*, No. 3:16-CV-74, 2016 WL 4628572, at *4 (N.D.W. Va. Sept. 6, 2016); *In re First Nat'l Bancshares, Inc.*, No. 7:12-3441, 2014 WL 108372, at *2 (D.S.C. Jan. 10, 2014); *Snodgrass v. New Century Mortg. Corp.*, 358 B.R. 675, 678-79 (S.D.W. Va. 2006); *In re Carolina Produce Distribs., Inc.*, 110 B.R. 207, 209–10 (W.D.N.C. 1990). Under this approach, district courts withdraw reference from bankruptcy courts

moving party is permitted between learning of grounds for withdrawal and actually filing a motion to withdraw before the motion is deemed untimely." *Id.* Arguably, Plaintiffs' motion here was untimely as it was not filed until approximately two months after they filed the adversary proceeding. However, it is not necessary to address this argument at this time as the Motion should be denied for other reasons.

"when a substantial and material consideration of a non-Title 11 federal statute will be necessary to the resolution of the dispute." *Mooring Cap. Fund, LLC*, 2016 WL 4628572, at *4 (quotation omitted); *see Snodgrass*, 358 B.R. at 678. Moreover, "a court must need to make a significant interpretation of a federal statute as opposed to making an insignificant interpretation or merely applying the law to the facts." *Carolina Produce Distribs., Inc.*, 110 B.R. at 210; *see Mooring Cap. Fund, LLC*, 2016 WL 4628572, at *4; *Snodgras*s, 358 B.R. at 679. In this case, withdrawal is not mandatory because significant interpretation of a federal statute is not needed. Most of the claims involve a question of whether the automatic stay was violated or involve a jurisdictional question[15] and do not involve interpretation of a federal statute.

Some courts have read § 157(d) liberally, holding that withdrawal is mandatory in any Title 11 proceeding that "presents a non-Title 11 federal question which will affect the outcome of the proceeding." *In re Contemp. Lithographers, Inc.*, 127 B.R. 122, 127–28 (M.D.N.C. 1991). However, Plaintiffs have not shown that the non-Title 11 questions they raise will affect the outcome of the proceeding.

---

[15] In their AP, Plaintiffs appear to be attempting to appeal the results of the Foreclosure Action that was taken prior to the filing of any of the Bankruptcy Court actions. Federal district courts do not hear "appeals" from state court actions. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Hulsey v. Cisa*, 947 F.3d 246 (4th Cir. Jan. 17, 2020). To rule in favor of Plaintiffs on claims filed in this action may require this Court to overrule and reverse orders and rulings made in the state court. Such a result is prohibited under the *Rooker-Feldman* doctrine. *See Davani v. Virginia Dep't. of Transp.*, 434 F.3d 712, 719-720 (4th Cir. 2006); *see also Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293-294 (2005); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 201 (4th Cir. 1997). Appeals of orders issued by lower state courts must go to a higher state court. Secondly, Congress, for more than two hundred years, has provided that only the Supreme Court of the United States may review (review is discretionary by way of a writ of certiorari and is not an appeal of right) a decision of a state's highest court. *See* 28 U.S.C. § 1257; *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997).

In a case in the Eastern District of Virgina, both the liberal approach and the "substantial and material consideration" test were rejected and the court found that withdrawal is mandatory if "an issue or question of non-bankruptcy federal law [is] essential or material to the disposition of the bankruptcy proceeding." *In re U.S. Airways Grp. Inc.*, 296 B.R. 673, 679 (E.D. Va. 2003). A court in the District of South Carolina found that withdrawal is mandatory "if the application of non-bankruptcy federal law is essential (i.e., substantial and material) to the bankruptcy proceeding." *In re Dozier Fin., Inc.*, No. 4:18-CV-1888, 2019 WL 1075072, at *3 (D.S.C. May 7, 2019). Under these tests, mandatory withdrawal is also not required. Another court in the District of South Carolina found that a debtor failed to meet the burden under the mandatory clause because the federal statute cited was "not in regard to interstate commerce." *In re Ward*, No. CV 4:25-7366-JD-TER, 2025 WL 2480902, at *2 (D.S.C. Aug. 4, 2025), *report and recommendation adopted*, No. 4:25-CV-07366-JD-TER, 2026 WL 115873 (D.S.C. Jan. 15, 2026). Here, Plaintiffs have not shown that an issue or question of non-bankruptcy federal law is essential or material to the disposition of the bankruptcy proceeding or is essential to the bankruptcy proceeding. Nor have they raised an issue of a federal statute being in regard to interstate commerce. Thus, Plaintiffs fail to show that the Motion should be granted on the basis of mandatory withdrawal.

C. <u>Discretionary Withdrawal of the Bankruptcy Adversary Proceeding</u>

Plaintiffs have also not met their burden to show that discretionary withdrawal should be granted. Discretionary withdrawal of the reference to the bankruptcy judge is within the sound discretion of the district court and is predicated upon cause shown on a case-by-case basis. *Vieira*, 366 B.R. at 538. In considering whether to grant discretionary withdrawal, district courts have considered the following factors: (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy proceedings; (3) expediting the bankruptcy process and promoting

judicial economy; (4) the efficient use of debtors' and creditors' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial. *Id.* (citing *In re U.S. Airways Group, Inc.*, 296 B.R. 673, 681 (E.D. Va. 2003)); *see also Lagrou v. Monterey Fin. Servs., LLC*, No. 3:18-cv-283, 2018 WL 4903259, at *3 (E.D. Va. Oct. 9, 2018) (quotation marks and citations omitted); *Blackshire v. Litton Loan Servicing, L.P.*, 2009 WL 426130, at *2 (S.D.W. Va. Feb. 13, 2009). No single factor is dispositive. *In re U.S. Airways Grp., Inc.*, 296 B.R. at 682.

District courts in the Fourth Circuit have deemed the first factor (whether a proceeding is core or non-core) most important "since it is upon this issue that questions of efficiency and uniformity will turn." *In re Dozier Fin., Inc.*, 2019 WL 1075072, at * 4 (citations omitted). Before the Supreme Court's decision in *Stern v. Marshall*, "the determination of whether a claim was core or non-core was as simple as looking to the list of core proceedings in 28 U.S.C. § 157(b)(2)." *Finley Grp. v. 222 S. Church St., LLC*, No. 3:15-CV-00029-FDW, 2015 WL 996631, at *3 (W.D.N.C. Mar. 6, 2015). "Any proceeding that was considered 'core' could be tried in a bankruptcy court." *Id.* (citing 28 U.S.C. § 157(b)(1)). But now, beyond determining whether a given claim is a core or non-core proceeding under 28 U.S.C. § 157(b)(2), a court must also consider whether "'the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process.'" *ACC Retail Prop. Dev. & Acquisition Fund, LLC v. Bank of Am., N.A.*, No. 5:12-cv-361-BO, 2012 WL 8667572 (E.D.N.C. Sept. 27, 2012) (quoting *Stern*, 564 U.S. at 499). Here, most of the claims involve claims related to the automatic stay such that they involve core proceedings. *See* 28 U.S.C. § 157(b)(2)(g) (core proceedings include "motions to terminate, annul, or modify the automatic stay"). Additional claims, including claims under the FHA, FDCPA, and ADA appear to core proceedings because they challenge "determinations of the validity, extent, or priority of liens." 157(b)(2)(k).

The other factors also support the denial of discretionary withdrawal of the AP. Plaintiffs' motion to amend the AP Complaint a second time was briefed by Plaintiffs and responded to by Defendants prior to the filing of the Motion to Withdraw. Motions to Dismiss the AP were also filed. Thus, it appears that denial of the Motion would support the uniform administration of bankruptcy proceedings, the expediting the bankruptcy process and promoting judicial economy, and the efficient use of debtors' and creditors' resources. It would also reduce forum shopping.

Plaintiffs contend that the reference should be withdrawn because they are entitled to a jury trial. However, numerous courts have found that by voluntarily filing an adversary proceeding in bankruptcy court a plaintiff waives a right to a jury trial. *See, e.g.*, *In re Haile Co.*, 132 B.R. 979, 980-81 (Bankr. N.D. Ga. 1991) (the plaintiff waived his Seventh Amendment right to a jury trial by bringing his adversary proceeding in the bankruptcy court); *In re D.H. Overmyer Telecasting Co., Inc.*, 53 B.R. 963, 980 (D. E.D. Ohio 1984) (no right to jury trial where litigant filed both claim and an adversary proceeding); *In re Frost, Inc.*, 145 B.R. 878 (Bankr. W.D. Mich. 1992) (debtor's adversary proceeding against creditor implicated claims allowance process and it had no right to a jury trial). Considering all of the applicable factors, Plaintiffs' request for discretionary withdrawal should be denied.

## V. RECOMMENDATION

Accordingly, it is **RECOMMENDED** that the Motion to Withdraw Reference (ECF No. 1) be **DENIED** and the action remain with the Bankruptcy Court.

**Plaintiffs' attention is directed to the important notice on the following page.**

Molly H. Cherry
Molly H. Cherry
United States Magistrate Judge

July 31, 2026
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).