IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jacqueline Elizabeth Ard, Terry Frank Nicola,<br><br>Plaintiffs,<br><br>v.<br><br>The Spa on Port Royal Sound Horizontal Property Regime; William B. Mullis; Henry Sanders; Keith Baker; Jane and John Doe, *Board Members of the IMC Resort Services, Inc.*; Christine M. Phillips; John and Jane Doe, *Employees and Agents of Scott M. Wild*; Jannine Mutterer; Jerri Ann Roseneau; Lucas S. Fautua; Beaufort County; Beaufort County Treasurer's Office; Beaufort County Assessor's Office; Robert J. Bonds; Scott Matthew Wild; IMC Resort Services, Inc.,<br><br>Defendants. | Civil Action No. 9:26-cv-425-BHH<br><br><br><br>**ORDER** |

This matter is before the Court on the motion to withdraw reference as to an adversary proceeding in the United States Bankruptcy Court for the District of South Carolina ("Bankruptcy Court"), filed by *pro se* Plaintiffs Jacqueline Elizabeth Ard and Terry Frank Nicola ("Plaintiffs"). (ECF No. 1.) Defendants filed memoranda in opposition to Plaintiffs' motion, and in accordance with Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review. (*See* ECF Nos. 3-6.)

On July 31, 2026, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court deny Plaintiffs' motion to

withdraw reference and that the action remain with the Bankruptcy Court. (ECF No. 7.) In her Report, the Magistrate Judge found that the motion should be dismissed because it is moot; that, even if it is not moot, Plaintiffs have not met their burden to show that withdrawal is mandatory; and that Plaintiff also have not met their burden to show that discretionary withdrawal is warranted. (*Id.* at 10-16.) Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and specifically incorporates the Magistrate**

**Judge's Report (ECF No. 7), and the Court denies Plaintiffs' motion to withdraw reference (ECF No. 1), such that this action remains with the Bankruptcy Court.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 28, 2026
Charleston, South Carolina